**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL MINNIX,

    Plaintiff,

v.                                          Case No.:  3:14-cv-598-J-34PDB

LAND O'SUN MANAGEMENT
CORPORATION,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 5; Motion) filed on June 2, 2014, and Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 10; Response) filed on June 24, 2014.  In the Motion, Defendant argues that the Court should dismiss this case based on Plaintiff's lack of standing and mootness.  See Motion at 1.  In support of its Motion, Defendant attaches multiple affidavits and a copy of an e-mail.  See Exhibit A to Motion, Affidavit of Dale Turner (Doc. No. 5 at 14-16; Turner Aff.); Exhibit B to Motion, Affidavit of Chris Maze (Doc. No. 5 at 17-19; Maze Aff.); Exhibit C to Motion, Affidavit of Samantha M. Strickland (Doc. No. 5 at 20-22; Strickland Aff.); Exhibit D to Motion, E-Mail (Doc. No. 5 at 23); and Exhibit E to Motion, Second Affidavit of Dale Turner (Doc. No. 5 at 24-26; Second Turner Aff.).  Plaintiff in turn submits several affidavits in opposition to the Motion.  See Exhibit A to Response, Affidavit of Michael Minnix (Doc. No. 10-1; Minnix Aff.); Exhibit B

to Response, Affidavit of Spring Minnix (Doc. No. 10-2; Spring Aff.); Exhibit C to Response, Affidavit of Danielle Taylor (Doc. No. 10-3; Taylor Aff.).  The Motion is fully briefed and ripe for resolution.

**I.     Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Rule(s)) is a motion challenging the subject matter jurisdiction of the court. Jurisdiction may be attacked facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  On the other hand, factual attacks "challenge the 'existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Id. (citation omitted).  In considering a factual attack on subject matter jurisdiction, the Court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009), cert. denied, 130 S.Ct. 3499 (2010). However, the Eleventh Circuit has cautioned that if a jurisdictional challenge implicates the merits of the underlying claim, the district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Morrison, 323 F.3d at 925 (quoting Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997)).

**II.      Applicable Law**

Federal courts are courts of limited jurisdiction. See Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003) (citation omitted). "Among other limitations, the federal courts' jurisdiction is circumscribed by Article III [of the Constitution]'s case or controversy requirement." Id. (citations omitted). Several doctrines, including standing, elaborate upon the jurisdictional requirements of Article III. See id. (citations omitted). To have standing, a plaintiff must show, at "an irreducible minimum[,]" first, that "he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" second, that "the injury is fairly traceable to conduct of the defendant;" and third, that "it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." Id. at 819-20 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Additionally, a plaintiff seeking injunctive relief must allege "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Access Now, Inc. v. S. Fla. Stadium, Corp., 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001) (quoting Wooden v. Bd. of Regents of the Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001)) (emphasis in original).

A party's standing must be determined at the time a complaint is filed. See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003) (collecting cases); see also Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 n.3 (11th Cir. 2005) ("Standing . . . is not altered by events unfolding during litigation."); Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1267 (11th Cir. 2001) ("[A] party's standing to sue is generally measured at the time of the complaint, with

the effect of subsequent events generally analyzed under mootness principles."). Nevertheless, if, due to events subsequent to the filing of a complaint, the issues presented in a case are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction for that reason. See Cnty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Powell v. McCormack, 395 U.S. 486, 496 (1969); see also Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987).  "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1183 (alteration in original) (citation omitted).  Thus, the mootness doctrine requires that a justiciable case exist at each stage of the litigation; that is the case must (1) present a "live" controversy, and (2) the parties must have a "personal stake" in that controversy.  See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980).

Resolution of the related standing and mootness issues requires a "fact-specific inquiry." Murray v. Auslander, 244 F.3d 807, 810 (11th Cir. 2001).  Although, as a general rule, the end of the allegedly offending behavior renders a claim for injunctive relief moot, the doctrine of voluntary cessation provides an exception to that rule. Sheely, 505 F.3d at 1183 (quoting Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla., 382 F.3d 1276, 1282 (11th Cir. 2004)).  Under this doctrine,

> a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the alleged wrongful behavior could not reasonably be

> expected to recur.

Id. (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 189 (2000)) (emphasis in original).  In determining whether a claim is rendered moot by voluntary cessation of the offending conduct, the Eleventh Circuit has found at least the following three factors relevant:

> (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability.

Id. at 1184.  Notably, the party asserting mootness has the "'formidable,' 'heavy burden of persuading the [C]ourt that the challenged conduct cannot reasonably be expected to start up again.'"  Id. (quoting Laidlaw, 528 U.S. at 190).

### III.   Discussion

In this action, Plaintiff Michael Minnix (Minnix) seeks declaratory and injunctive relief against Defendant Land O'Sun Management Corporation (Land O'Sun) for its alleged violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, et seq.  See Complaint for Declaratory and Injunctive Relief (Doc. No. 22-1; Complaint) ¶1.  Land O'Sun operates the Fast Track convenience store and gas station located at 101 Main Drive, Interlachen, Florida, 32148 (the Station).  Id. ¶9; see also Turner Aff. ¶¶3, 6.[1]  Minnix has frequented the Station once or more per week since December of 2012.  Complaint

---

[1] Because the Motion raises a factual challenge to the existence of subject matter jurisdiction, the Court considers the affidavits and other evidence in addition to the allegations in the Complaint.  See Lawrence, 919 F.2d at 1529.

¶13. Because he is wheelchair-bound, Minnix is unable to refuel his vehicle on his own. See id. ¶¶ 6, 12. Minnix alleges that, on two separate days, December 13 and 20, 2013, when he pressed the button on the fuel pump to request refueling assistance, an employee at the Station informed him that, while the employee would provide assistance on that occasion, the Station's manager prohibited employees from providing refueling assistance in the future. See id. ¶¶14-17. As to the December 20th incident, Minnix further asserts that the employee who assisted him informed him that he was no longer welcome at the Station, and that the employee was risking termination by assisting him one last time.[2] Id. ¶¶16-17. Based on these representations, Minnix alleges that he will encounter discrimination if he returns to the Station. See id. ¶30.

Land O'Sun moves to dismiss pursuant to Rule 12(b)(1), arguing that the case is moot and that Minnix lacks standing to pursue his ADA claim because Land O'Sun has, and has always had, a policy that requires all of its locations to provide disabled individuals with refueling assistance. See Motion at 1-2. Specifically, Land O'Sun avers that each gas pump is equipped with an intercom button, marked in the design of a wheelchair, that allows individuals to request assistance in purchasing fuel and other products, and Land O'Sun requires its employees to provide the requested assistance as promptly as they are able. See id. at 5; Turner Aff. ¶¶9-11; Maze Aff. ¶¶5-6; Strickland Aff. ¶¶5-6. In their Affidavits, employees Maze and Strickland state that they are familiar with Minnix as a

---

[2] Although Minnix does not identify the employee(s) involved in either incident in the Complaint, he identifies the employee who assisted him on December 20, 2013, as Chris Maze in his Affidavit. See Minnix Aff. ¶¶ 6-7. Additionally, he states that the unidentified employee involved in the December 13th interaction told him Station Manager Samantha Strickland made the determination that the Station would no longer provide refueling assistance. See id. ¶ 5.

regular customer and have personally provided him service as a handicapped individual in accordance with Land O'Sun's policies and have also observed other employees doing so.  Strickland Aff. ¶¶8-11; Maze Aff. ¶¶9-12.  Both employees deny making any statements that the Station would be discontinuing its refueling assistance policy, Maze Aff. ¶15; Strickland Aff. ¶15, and Maze states that he has pumped gas and obtained cigarettes, chewing tobacco, and other products from inside the Station for Minnix on several occasions between January 1, 2014, and the date of Maze's affidavit, May 19, 2014, see Maze Aff. ¶13.

While Minnix admits that on or about March 9, 2014, after the alleged incidents, he received refueling assistance, he disputes visiting the Station before or after that one instance since the December incidents.  See Minnix Aff. ¶¶8-11.  Land O'Sun relies on credit card receipts to substantiate at least six other visits to the Station, see Motion at 8; Second Turner Aff., but Minnix contends that he sent his wife and neighbor there to make purchases for him with his credit card and they did not require refueling assistance, Minnix Aff. ¶9; see also Spring Aff.; Taylor Aff.  Because Minnix has never actually been denied refueling assistance, and Land O'Sun maintains he never will be, Land O'Sun argues that the case is moot.  See Motion at 4-8.  Similarly, Land O'Sun contends that, even if its employees did tell Minnix that the Station would not provide refueling assistance, Minnix cannot show that he will be denied assistance in the future for the same reasons, and therefore does not have standing to sue for injunctive relief.  See id. at 9-10.  Minnix responds arguing that he had standing and his case is not moot because the employees' warnings that he should not return to the Station establish a reasonable expectation that

he will not receive service in the future, despite Land O'Sun's voluntary cessation during the pendency of this action. See Response at 4-11.

Although, in the Motion, Land O'Sun raises the issue of mootness prior to standing, the Court addresses standing first because it is determined at the time the Complaint was filed. See Focus on the Family, 344 F.3d at 1275. Minnix filed his Complaint on February 20, 2014. See Complaint; State Court Docket (Doc. No. 1-2). Therefore, the Court determines whether he had standing as of that date, and does not consider the admitted March 9th visit. "In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1080 (11th Cir. 2001) (citing cases). Without admitting that any of its employees made the statements alleged in the Complaint, Land O'Sun contends that there is no threat of injury to Minnix because it always provided refueling assistance to him. However, 42 U.S.C. § 12188(a)(1) provides that "[n]othing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions." "Actual notice" may come from encountering discrimination or learning of alleged violations through expert findings or personal observation. Resnick v. Magical Cruise Co., Ltd., 148 F. Supp. 2d 1298, 1302 (M.D. Fla. 2001).

Generally, when an ADA plaintiff lacks standing, it is because that plaintiff either has not encountered the alleged ADA violations by visiting the location or was unlikely to return to the location where the alleged violations occurred. See Shotz, 256 F.3d at 1082 (finding

no threat of future discrimination where plaintiffs did not attempt to return to courthouse or allege that they intended to do so); Rosenkrantz v. Markopoulos, 254 F. Supp. 2d 1250, 1253 (M.D. Fla. 2003) (finding absence of standing to sue motel owner where plaintiff lived hundreds of miles away and had only been to the area once); Resnick, 148 F. Supp. 2d at 1301-03 (plaintiffs' alleged injury was hypothetical because he had never boarded or attempted to board cruise ship, and plaintiffs' review of cruise website was not reasonable grounds to believe that they would suffer discrimination).  Here, there is no dispute that Minnix lives close to the Station and is likely to return to it in the future.  See Minnix Aff. ¶12; Maze Aff. ¶10.  Instead, Land O'Sun challenges whether it will continue the alleged (and disputed) discrimination against Minnix by failing to provide refueling assistance.  This issue is inextricably intertwined with the merits of Minnix's case, and the Court cannot resolve it in a 12(b)(1) motion.  See Morrison, 323 F.3d at 925.  While the Court expresses some skepticism as to whether Minnix will ultimately be able to prove this claim, Minnix has met his burden to demonstrate standing by alleging that Station employees made unequivocal statements that Minnix would be refused refueling assistance if he returned.  See Complaint ¶¶ 14, 16-17.  As such, the Motion is due to be denied to the extent that Land O'Sun seeks dismissal based on a lack of standing.

The Court is similarly unable to extricate the merits of Minnix's case from Land O'Sun's mootness arguments.  Although the Court recognizes that Land O'Sun has presented evidence that it has always provided refueling assistance to Minnix, and will continue to do so, the Court cannot determine that Land O'Sun was not in the process of changing its policies or whether its employees were refusing to abide by those policies in

light of the statements alleged in Minnix's Complaint and described in his Affidavit. See Complaint ¶¶14, 16-17; Minnix Aff. ¶¶5,7.  Without rejecting the merits and veracity of Minnix's allegations and resolving the factual disputes as to those statements and Land O'Sun's policies in Land O'Sun's favor, the Court is not absolutely certain that Land O'Sun will maintain the policies it contends it has always had.  Therefore, Land O'Sun has not met its considerable burden to show mootness based on its voluntary cessation of the alleged discrimination.  See Sheely, 505 F.3d at 1184.  Despite fairly convincing evidence suggesting Land O'Sun has a policy for providing handicapped customers with fuel assistance, the Court cannot circumvent the standard under Rule 56 or substitute itself as a factfinder by permitting Land O'Sun to launch an indirect attack on the merits of Minnix's claim.  See Morrison, 323 F.3d at 925 ("This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place greater restrictions on the district court's discretion.").  Therefore, Defendant's Motion to Dismiss is due to be denied as to mootness as well.

In a separate motion, Land O'Sun seeks sanctions pursuant to Rule 11. See Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. No. 13; Motion for Sanctions).  In the Motion for Sanctions, Land O'Sun reiterates its mootness argument based on the existence of its refueling assistance policies and contends that Minnix and his counsel maintain a legally frivolous lawsuit, despite receiving the same Turner, Maze, and Strickland Affidavits upon which Land O'Sun relies to support

dismissal. See id. at 4-7. Because the Court has determined that Land O'Sun has not established that the case is moot, the Motion for Sanctions is due to be denied to the extent it is based on the legal frivolity of the Complaint.[3] Land O'Sun also asserts that Minnix's ADA claim is factually frivolous because it consistently provided Minnix with assistance at the Station for two years. See id. at 7-8. Upon consideration of the record, the Court finds that Land O'Sun's factual argument is better resolved at the conclusion of this proceeding. See Fed. R. Civ. P. 11 advisory committee's note (1983) (explaining that "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation. . ."). Accordingly, the Motion for Sanctions based on factual frivolity is due to be denied without prejudice.

In light of the foregoing, it is hereby **ORDERED**:

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 5) is **DENIED.**

2. Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. No. 13) is **DENIED, in part, and DENIED without prejudice, in part**, as follows:

   a. The Motion for Sanctions is **DENIED** to the extent it seeks relief based on the legal frivolity of the Complaint.

---

[3] "A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law." In re BankAtlantic Bancorp, Inc. Sec. Litig., 851 F. Supp. 2d 1299, 1308 (S.D. Fla. 2011).

       b.     The Motion for Sanctions is **DENIED without prejudice** to the extent it seeks relief based on the factual frivolity of the Complaint.

   3.     The parties shall have up to and including **March 30, 2015**, to conduct a mediation in this matter.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of December, 2014.

                                          *[signature]*
                                 **MARCIA MORALES HOWARD**
                                 United States District Judge

lc16

Copies to:

Counsel of Record